```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```

| | |
|---|---|
| AARON BANKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 24-cv-2988-SHL-tmp |
| | ) |
| KEVIN RYAN, BETTER MORTGAGE | ) |
| CORP., ROBERT Q. REILLY, PNC | ) |
| BANK, N.A., JENNIFER | ) |
| WILSON-HARVEY, and WILSON & | ) |
| ASSOCIATES, P.L.L.C, | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the court are defendants Jennifer Wilson-Harvey and Wilson & Associates, P.L.L.C.'s (collectively the "Wilson & Associates Defendants") Motion to Dismiss, filed on March 27, 2025; Robert Q. Reilly and PNC Bank, N.A.'s (collectively the "PNC Defendants") Motion to Dismiss, filed on April 4, 2025; and Kevin Ryan and Better Mortgage Corp.'s (collectively the "Better Mortgage Defendants") Motion to Dismiss, filed on April 15, 2025.[1] (ECF Nos. 13, 14, 16.) *Pro se* plaintiff Aaron Banks has responded in opposition to each motion. (ECF Nos. 15, 20.) For the reasons below, the undersigned recommends that Banks's

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

complaint be *sua sponte* dismissed for lack of subject matter jurisdiction as to all defendants.

## I.  PROPOSED FINDINGS OF FACT

On December 12, 2024, Banks filed his complaint, styling it as an "Affidavit of Bill of Complaint in Equity with Injunction." (ECF No. 2.) Banks's complaint is largely incomprehensible, but it appears that he is challenging the defendants' initiation of foreclosure proceedings on his property located at 2904 Emerald St., Memphis, Tennessee 38115. (See id. at PageID 4.) Although Banks appears to disclaim being a sovereign citizen, (see id. at PageID 2), much of his complaint is composed of arguments that are consistent with or adjacent to the sovereign citizen movement.[2] For example, Banks refers to himself as "banks; aaron living soul," and claims that he is "the beneficial equitable title holder and first lien holder" for "AARON BANKS (Trust/Estate)," further referring to himself as an "infant/minor."[3] (Id.) He claims that

---

[2] For a discussion of the sovereign citizen movement, see United States v. Cook, No. 3:18-CR-00019, 2019 WL 2721305, at *1-*2 (E.D. Tenn. June 28, 2019). Arguments consistent with the sovereign citizen movement "have been consistently rejected by courts." Woodson v. Woodson, No. 22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022) (citing United States v. Bradley, 26 F. App'x 392, 394 (6th Cir. 2001)), report and recommendation adopted, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022).

[3] See Estate of Gardner v. Google, Inc., No. 3:25-CV-129-RGJ, 2025 WL 1656661, at *6, *1 n.1 (W.D. Ky. June 11, 2025) (noting that

> BETTER MORTGAGE CORPORATION, ISAOA was the recipient, the true borrower and not the lender of [$218,250.00] and did not lend any "money," or extend credit in this alleged loan transaction and has twenty-one (21) business days from the receipt of this Bill Of Complaint In Equity with Injunction to respond via affidavit and also to file the 1099-OID or one will be filed for the Defendant by the beneficiary banks; aaron-marquette on behalf of the Plaintiff's AARON BANKS trust/estate.[4]

(Id. at PageID 3-4.) Banks further alleges that

> pursuant to the Federal Reserve Act Section 16, Paragraphs two (2) and four(4) [sic] which clearly states that the promissory note is the collateral for the property located at 2904 Emerald Street, Memphis, Tennessee, the promissory note is the same as cash and served as a check in the amount of $218,250.00 "paid" to BETTER MORTGAGE CORPORATION, ISAOA., on November 04 2021. Therefore the property is not the collateral and is not to be foreclosed upon.[5]

---

plaintiff "refer[red] to himself in all capital letters" and dismissing claims consistent with sovereign citizen theories).

[4] "1099-OID" refers to IRS Form 1099-OID. 1099-OIDs "are legitimately used by investors who receive income on a bond at maturity from the 'original issue discount' (OID) they earned by purchasing the bond below face value." Cook, 2019 WL 2721305, at *3 n.6 (citing Original Issue Discount – OID, Investopedia, https://www.investopedia.com/terms/o/oid.asp) (rejecting criminal defendant's objections to report and recommendation based on sovereign citizen arguments). However, "1099-OIDs are also frequently used by sovereigns to report income which they later claim has been withheld (using the claimed withholding to file a fraudulent tax refund), and sovereign citizens have been prosecuted for conducting extensive 1099-OID fraud schemes." Id. (citing United States v. Marty, No. CIV S-9-600, 2009 WL 2365556 (E.D. Cal. Jul. 29, 2009), report and recommendation adopted, 2009 WL 3111823 (E.D. Cal. Aug 31, 2009); Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 830, 831-34 (2015)).

[5] District courts across the country have rejected similar claims based on purported violations of the Federal Reserve Act. See, e.g., Harrison v. Iriarte, No. 1:23-CV-141-GHD-DAS, 2024 WL

(Id. at PageID 4.) He additionally claims that "[t]his court acts as an administration venue as a result of the presidential administration acts and the presidential proclamation 2038, 2039, and 2040."[6] (Id. at PageID 5.)

Banks also dedicates much of his complaint to explaining the nature of his alleged "trust" and why the court has jurisdiction. (See id. at PageID 6-14.) For example, Banks states that "[j]urisdiction over the estate of an infant is inherent in equity." (Id. at PageID 7.) While referring to himself as an infant or minor, Banks claims that "[t]he term

---

4360626, at *9 (N.D. Miss. Aug. 6, 2024) ("Section 16 of the Federal Reserve Act[] [is] a common citation in sovereign citizen litigation, but this statute does not provide any private cause of action. The courts have consistently rebuffed these attempts." (citing White v. Lake Union Ga. Partners LLC, No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023); Morton v. Am. Express, No. 6:23-cv-04567-BHH-JDA, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023))), report and recommendation adopted, 2024 WL 4363236 (N.D. Miss. Sept. 30, 2024); Wilson v. Aqua Fin., No. CV 3:23-5348-SAL-SVH, 2023 WL 7924150, at *3-*5 (D.S.C. Oct. 26, 2023) (finding that plaintiff's complaint was consistent with the sovereign citizen movement and subject to dismissal where it invoked the Federal Reserve Act), report and recommendation adopted, 2024 WL 1406015 (D.S.C. Apr. 2, 2024); Anderson v. Navy Fed. Credit Union, No. 3:23-CV-05506-DGE, 2023 WL 6481518, at *1, *3 (W.D. Wash. Oct. 5, 2023) (noting that plaintiff's citation to the Federal Reserve Act did not provide federal question jurisdiction and dismissing complaint based in part on raising frivolous sovereign citizen arguments).

[6]This court has previously found that dismissal was warranted based on sovereign citizen arguments where the plaintiff invoked Presidential Proclamations 2039 and 2040. Woodson, 2022 WL 16985602, at *2.

minor is also used to refer to an individual who has attained the age of 18 years but has not yet taken control of all the securities contained in his or her minor account." (Id. at PageID 11.) According to Banks, this "is the case of the Plaintiff's beneficiary banks; aaron-marquette who is diligently working on doing so." (Id.) In support of his complaint, Banks filed several documents under seal with the court.[7] (ECF No. 7.)

On March 27, 2025, the Wilson & Associates Defendants filed their Motion to Dismiss, arguing that Banks does not allege any facts as to them. (ECF Nos. 13, 13-1.) The PNC Defendants filed their Motion to Dismiss on April 4, 2025. (ECF No. 14.) They argue that Banks's complaint should be dismissed for insufficient service of process, for lack of subject matter jurisdiction based on Banks's sovereign citizen arguments, and for failure to state a claim. (Id.) Banks responded in opposition to those motions on April 11, 2025. (ECF No. 15.) The Better Mortgage Defendants then filed their motion to dismiss on April 15, 2025. (ECF No. 16.) They argue that Banks's complaint should be dismissed for insufficient service of process and for failure to state a claim. (Id.) Banks responded in opposition on April 23, 2025. (ECF No. 20.)

---

[7]Based on the undersigned's review, these documents are consistent with sovereign citizen theories.

## II.   PROPOSED CONCLUSIONS OF LAW

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

"A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). "Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship[,] recognizing that such arguments are a waste of court resources." Estate of Gardner 2025 WL 1656661, at *6 (quoting Powell v. Michigan, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023)) (citation modified). Thus, claims based on sovereign citizen theories are subject to *sua sponte* dismissal "without extended

- 6 -

argument." Id. (citing Primero v. Barum, No. 3:24-cv-200, 2024 WL 1543782, at *2 (W.D. Ky. Apr. 9, 2024); Adkins v. Kentucky, No. 3:18-mc-26, 2018 WL 6528462, at *1–2 (W.D. Ky. Dec. 12, 2018); Maddox El v. Scharf, No. 23-10990, 2023 WL 3587538, at *1–2 (E.D. Mich. May 22, 2023)). Here, Banks's "claims use the meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans." Bey v. Weisenburger, No. 23-3689, 2024 WL 3912829, at *2 (6th Cir. June 5, 2024) (quoting United States v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017)) (citation modified). "These claims are wholly frivolous," id., and Banks has not otherwise clearly alleged any cognizable claim. Accordingly, the undersigned recommends that Banks's complaint be dismissed for lack of subject matter jurisdiction. See id. (affirming district court's *sua sponte* dismissal of plaintiff's complaint under Apple where plaintiff relied on sovereign citizen arguments).

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Banks's complaint be *sua sponte* dismissed for lack of subject matter jurisdiction as to all defendants.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

June 25, 2025

- 7 -

Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**