# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| AARON BANKS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:24-cv-2988-SHL-tmp |
| KEVIN RYAN, BETTER MORTGAGE CORP., ROBERT Q. REILLY, PNC BANK, N.A., JENNIFER WILSON-HARVEY, and WILSON & ASSOCIATES, P.L.L.C., | ) ) ) ) |
|     Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE FOR LACK OF JURISDICTION

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("Report") (ECF No. 25), filed June 25, 2025, recommending that the Court sua sponte dismiss pro se Plaintiff Aaron Banks' complaint as to all Defendants based on the Court's lack of subject matter jurisdiction. Banks filed objections to the Report on July 7, 2025. (ECF No. 26.) Defendants Kevin Ryan and Better Mortgage Corporation ("Better Mortgage") filed a response to Banks' objections on July 11, 2025. (ECF No. 30.) On July 15, 2025, Robert Q. Reilly and PNC Bank, N.A. ("PNC") filed their response to Banks' objections. (ECF No. 31.) For the reasons described below, the Court **ADOPTS** the Report and **DISMISSES WITHOUT PREJUDICE** Banks' Complaint for lack of subject matter jurisdiction.[1]

---

[1] The R&R technically is addressing three motions to dismiss: the Motion to Dismiss filed by Defendant Jennifer Wilson-Harvey (ECF No. 13); the Motion to Dismiss as Frivolous filed by Reilly and PNC (ECF No. 14); and the Motion to Dismiss filed by Ryan and Better Mortgage (ECF No. 16). There are two other pending motions that are **RENDERED MOOT** as a result of this Order adopting the R&R: Banks' Motion to Stay Eviction Due to Pending Complaint and Irreparable Harm to Family if Evicted (ECF No. 9), and his Motion to Proceed In Forma Pauperis (ECF No. 10), which he filed after having paid the filing fee.

**BACKGROUND**

The Chief Magistrate Judge accurately described Banks' complaint (ECF No. 2), which is styled as an "Affidavit of Bill of Complaint in Equity with Injunction," as "largely incomprehensible" (ECF No. 25 at PageID 146.) In brief, Banks seems to be challenging foreclosure proceedings instituted against his property at 2904 Emerald Street in Memphis. (See ECF No. 2 at PageID 2–3.) Banks introduces his complaint with the following statement: "[c]omes now banks; aaron living soul, with a bill of complaint in equity and do so **sui juris**, a living man, sovereign, but not a sovereign citizen." (Id. at PageID 2.) He then proceeds, for fourteen pages, to assert, often in bold, underlined words, and usually using inapplicable legal terms, why he is entitled to whatever vague form of relief he is suggesting he is entitled to. Much of his complaint appears to be cobbled together from documents he gathered online and pasted together in a slapdash fashion. Little of the complaint makes any sense at all, especially in the context of an unlawful foreclosure, which seems to form the gravamen of Banks' complaint.

Chief Magistrate Judge Pham labored through Banks' complaint, citing several instances in which Banks, though previously having disclaimed any association with the sovereign-citizen movement or that he is, in fact, a sovereign citizen, repeatedly uses the same sort of rhetoric that sovereign citizens have embraced in legal filings in courts around the country, and which have been resoundingly rejected by those courts. (ECF No. 25 at PageID 146–49.)

Ultimately, Chief Magistrate Judge Pham recommends that the case be dismissed based on the Court's authority to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

discussion." (Id. at PageID 150 (quoting Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)).  As further support for his recommendation, the Chief Magistrate Judge explains that "[c]ourts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship[,] recognizing that such arguments are a waste of court resources," and that such sua sponte dismissal is warranted "without extended argument."  (Id. (citations omitted).)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the involuntary dismissal of an action.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Banks' Objection to Report and Recommendation to Dismiss for Lack of Subject Matter Jurisdiction, contains brief, general objections, all of which are contained on a single page.  He states:

> I. MISCHARACTERIZATION OF PLAINTIFF'S CLAIMS
>
> The Report mischaracterizes Plaintiff's claims as sovereign citizen rhetoric. Plaintiff disclaims such affiliations and raises substantive legal claims, including:
>
> - Violations of the Truth in Lending Act (TILA)
> - Violations of the Real Estate Settlement Procedures Act (RESPA)
> - Due process violations in foreclosure actions
> - Improper securitization and fraudulent assignments
>
> II. SUBJECT MATTER JURISDICTION EXISTS

3

> Federal question jurisdiction exists under 28 U.S.C. 1331 for the federal statutory claims. Jurisdiction is further supported under 28 U.S.C. 1343(3) and 1367 for supplemental claims.
>
> III. CLAIMS ARE LEGALLY DISTINCT
>
> Plaintiff's claims are not based on fictitious legal personas or sovereign citizen arguments, but rather on identifiable harm caused by defendants' conduct related to mortgage and foreclosure proceedings.
>
> IV. REQUEST TO AMEND
>
> Should the Court find any pleading deficiencies, Plaintiff requests leave to amend the complaint to clarify and strengthen his claims.

(ECF No. 26 at PageID 153.)

As Defendants Ryan and Better Mortgage Corporation as well as Defendants Reilly and PNC point out in their responses, none of Banks' assertions constitute specific objections to the R&R. (ECF No. 30 at PageID 163–66; ECF No. 31 at PageID 169–70.) Banks asserts that his complaint actually raises legal claims, including, for example, claims based in Violations of the Truth in Lending Act (TILA) and Violations of the Real Estate Settlement Procedures Act (RESPA), but those claims are never asserted. Similarly, although he uses certain legal buzzwords that relate to his contention that he has asserted due process violations in foreclosure actions and improper securitization and fraudulent assignments, those assertions are bereft of any detail that substantiate any of those claims or, for that matter, explain how those claims are applicable here. In short, Banks' response to the R&R cannot be said to constitute specific written objections.

Given the foregoing, and under clear error review, the Court finds that the Chief Magistrate Judge's R&R should be adopted. But the conclusion would remain the same even under a de novo review. To the extent the Court can decipher the claims in Banks' complaint, which, as noted, is a near impossibility, the allegations are at once totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, and are no longer open to discussion.  Therefore, they are dismissible under Rule 12(b)(1).

The only remaining issue the Court must address is Banks' request for leave to amend to clarify and strengthen his claims "[s]hould the Court find any pleading deficiencies."  (ECF No. 26 at PageID 153.)  Reilly and PNC offer several reasons for why Banks should not be afforded leave to amend, including that he failed to include as an appended exhibit his proposed amended complaint consistent with Local Rule 15.1(a), and that a request for leave to amend needs to be made in a separate motion and not included as "throwaway language" in a brief.  (ECF No. 31 at PageID 170–71 (citations omitted).)  Moreover, Reilly and PNC contend that "[t]he fact that Plaintiff has failed to provide a proposed amended complaint for months—opting instead to repeat general, conclusory, and unsupported allegations in defense of his original complaint—all but concedes that amendment would be futile."  (Id. at PageID 171.)

These grounds warrant denying Banks' request to amend his complaint, but they do not provide an exhaustive list of reasons.  Although Federal Rule of Civil Procedure 15 provides that leave to amend should be freely granted when justice so requires, leave should not be granted if there is a demonstration of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).  When a deficiency cannot be cured, leave to amend is not required, which is consistent "with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."  Williams v. Dyersburg Police Dep't, No. 1:18-cv-1259-JDT-cgc, 2019 WL 1895576, at *2 (W.D. Tenn. Apr. 29, 2019) (quoting Curley v. Perry,

246 F.3d 1278, 1284 (10th Cir. 2001)).  Ultimately, the "requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction" based on the claims being patently frivolous, attenuated, or unsubstantial.  Apple, 183 F.3d at 479.

Given Banks' failure to properly seek leave to amend, in addition to the frivolous and meritless nature of his complaint, his request for leave to amend is **DENIED**.

## **CONCLUSION**

Given the reasoning above, the Court agrees, upon both clear error and de novo review, with the conclusion of the Chief Magistrate Judge: Banks' complaint should be dismissed in its entirety.  The Court therefore **ADOPTS** the Chief Magistrate Judge's Report in its entirety and Banks' complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 18th day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE